**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LOCAL 109 PENSION FUND, OPERATIVE PLASTERS & CEMENT MASONS, *et al.*, | ) ) ) ) CASE NO.   1:08-cv-1729 |
| Plaintiffs, | ) ) ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI ) ) |
| ROBERT L. HAHN, | ) MEMORANDUM OPINION ) Doc. No. 8 |
| Defendant. | ) |

This case is before the magistrate judge on consent. Before the court is the motion of defendant, Robert L. Hahn ("Hahn"), to dismiss this case as *res judicata*. Doc. No. 8. Defendants, Local 109 Pension Fund, Operative Plasterers & Masons ("the pension fund"); Local 109 Pension Plan, Operative Plasterers & Masons; and Local 109 Pension Fund, Board of Trustees of the Operative Plasterers & Masons, oppose the motion. Doc. No. 10. For the reasons given below, the court denies Hahn's motion.

I

Hahn pleads or does not deny the following facts. Hahn served as a trustee of the pension fund from 2000 to June 2007. In May 2007, Daniel J. Rauch ("Rauch"), the International Representative of the Operative Plasterers & Cement Masons International

Association ("the international union"), wrote the General President of the international union that Hahn had misspent thousands of dollars of union funds.  In July 2007, Local 109 of the international union terminated Hahn's employment with the local.

On April 21, 2008, Hahn filed a complaint in state court against Rauch, Local 109, the Apprenticeship Fund of Local 109, and the international association, alleging slander, libel, and tortious interference with a business relationship.[1]  On April 23, 2008, defendants removed the case to federal court.  Defendants' counterclaim, filed on June 4, 2008, asserted that Hahn breached the fiduciary duty imposed upon him by § 404(a) of ERISA, 29 U.S.C. § 1104 ("§ 494(a)"), and engaged in transactions prohibited by § 406 of ERISA, 29 U.S.C. § 1106 ("§ 406").  On August 15, 2008, Federal District Court Judge Sara Lioi remanded the case back to state court for lack of subject matter jurisdiction.[2]

Plaintiffs filed a complaint initiating the instant cause of action against Hahn on July 18, 2008.  Plaintiffs allege violations of § 404(a) and § 406.

II

Hahn moves to dismiss plaintiffs' claims as *res judicata*.  *Res judicata* includes claim preclusion and issue preclusion.  *J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any future claims by the parties or their privies based on the same cause of action as to every matter actually litigated and as to every theory of recovery that could have been presented in the

---

[1] Hahn states that a copy of the complaint filed in state court is attached to his motion to dismiss.  It is not.

[2] Hahn states that a copy of Judge Lioi's opinion remanding the case to state court is attached to his motion to dismiss.  It is not.

2

original action. *Id.* Under issue preclusion, when a court of competent jurisdiction actually and necessarily determines an issue, that determination is conclusive in later suits based on a different cause of action involving any party to the original litigation. *Montana v. United States,* 440 U.S. 147, 153-54 (1979).[3]

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738 ("§ 1738"), implements the Full Faith and Credit Clause of the Constitution. Section 1738 provides in relevant part: "[J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."  Thus, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1985); *see also Kaufman v. BDO Seidman,* 984 F.2d 182, 183 (6th Cir. 1993).  In particular, federal courts give claim preclusive and issue preclusive effect to previous state court judgments when adjudicating § 1983 actions. *See Migra*, 465 U.S. at 81-85. A previous state court judgment, therefore, will have the same claim preclusive and issue preclusive effects in a § 1983 suit in federal court that the judgment would have in the courts of the state in which the judgment issued.

Plaintiffs' claims are not barred to this court by *res judicata* for two reasons. First, no court has entered a final judgment on the merits as to any claim Hahn has raised in the state case. Thus, there is no state court judgment with regard to the issues in the instant

---

[3] Hahn argues, "Long standing case law demonstrate that all causes of action arising from a common nucleus of law and fact must be heard in the same matter or be as barred by the doctrine of *res judicata.*"  Motion at 3. That is not a proper statement of the principle of *res judicata*, and Hahn cites no sources for his version of the principle.

case to which this court must defer.  Second, no plaintiff in this case is a party to Hahn's state law case, and Hahn does not demonstrate or allege that any party in this case is in privity to a party in the state case.  Under these circumstances, *res judicata* cannot operate to bar plaintiffs' claims in this court.

Hahn also argues that pendent jurisdiction authorizes state courts to adjudicate a federal claim otherwise barred to the state courts if the federal claim is derived from a common nucleus of fact as a state claim over which the state courts have jurisdiction. Hahn stands pendent jurisdiction on its head.  Pendent jurisdiction, more properly known as "supplemental jurisdiction,"[4] permits a *federal* court to assume jurisdiction over *state* claims that are derived from a common nucleus of fact as a federal claim over which the court has jurisdiction.  28 U.S.C. § 1367(a); *see also Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).  Hahn misreads *Berrios-Cintron v. Cordero*, 976 F. Supp. 110, 111 n.2 (D. Puerto Rico 1997),[5] and *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005),[6] as invariably permitting the reverse.  Such a reading of these cases is particularly problematic in the instant case, as Congress has vested federal courts with exclusive jurisdiction over civil suits alleging ERISA violations, with two

---

[4] The Judicial Improvements Act of 1990 codified pendent jurisdiction and ancillary jurisdiction under the rubric of supplemental jurisdiction.  *See* Commentary to the 1990 adoption of 28 U.S.C. § 1367.

[5] The cited footnote in *Berrios-Cintron* references *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), for the proposition that pendent jurisdiction allows a federal court to hear a state claim that derives from a common nucleus of operative fact as a federal claim over which the court already has jurisdiction.

[6] *Grable & Sons* held that a quiet title action in state court presented a removable federal question.

exceptions not relevant here.  See 29 U.S.C. § 1132(e)(1).

Hahn cites no caselaw or statute barring this court from considering plaintiffs' claims.  Consequently, Hahn fails to support his motion to dismiss.

III

For the reasons given above, Hahn's motion to dismiss is denied.

IT IS SO ORDERED.

/s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

Date:  October 30, 2008